**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAN NGOC BUI, | No. 18-72873 |
| Petitioner, | Agency No. A073-276-314 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2020**
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and BOULWARE,***
District Judge.

Tan Ngoc Bui, a native of Vietnam, petitions for review of a decision by the

Board of Immigration Appeals ("BIA") affirming the denial by an immigration

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard F. Boulware II, United States District Judge
for the District of Nevada, sitting by designation.

judge ("IJ") of his motion to reopen *sua sponte* his immigration case. Bui argues that the agency erred by denying his motion, at least in part, for lack of due diligence and by failing to consider all factors relevant to his motion. We have jurisdiction pursuant to 8 U.S.C. § 1252, although our jurisdiction is confined to "the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Finding no such error, we deny Bui's petition.[1]

1. The agency did not commit legal error when it cited Bui's lack of diligence as a reason for denying his motion to reopen *sua sponte*. The agency cited the correct legal standard for *sua sponte* reopening, i.e., that the agency's *sua sponte* authority "is reserved for truly exceptional situations," and it applied that standard to Bui's motion when it explicitly found that he had failed to establish such circumstances. *See id.* at 585–86. The agency considered Bui's diligence in assessing whether he had established an exceptional situation sufficient to warrant *sua sponte* reopening, but it did not supplant the "exceptional situations" test with a novel diligence mandate. We have long recognized the breadth of the "exceptional situations" test for *sua sponte* reopening, *see id.* at 579, 584–86, and nothing in the governing regulation or our caselaw precludes the agency from

---

[1] We also grant Bui's motion to supplement the record on appeal. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

2

considering diligence as a relevant factor, *see* 8 C.F.R. § 1003.23(b)(1). Far from the "total non sequitur" Bui argues it is, the movant's diligence in seeking relief can be relevant to the agency's guiding principle that its *sua sponte* authority "is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations" or to be "expansively employ[ed] in a manner that . . . fail[s] to give effect to the comprehensive regulatory structure in which it exists." *Matter of J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997); *Matter of G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999).

We likewise find no legal error in the agency's due diligence analysis, assuming, as we do, that the agency intended its analysis to follow the standards applicable to a statutory motion to reopen. In his motion to reopen, Bui did not state the basis for his delay in seeking relief, which included several unexplained interludes—some of which, to this day, Bui has not justified. Against that backdrop, we cannot say that the agency misapplied its diligence doctrine to the facts as Bui presented them.

2. We also find no basis for reversal in Bui's argument that the agency failed to consider all factors relevant to his motion. Bui fails to contend with "the presumption that the BIA [and the IJ] did review the record." *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (rejecting the petitioner's argument that the BIA had failed to consider some or all of her evidence, in the context of a

3

motion to reopen). We see no indication to the contrary here, and, although the IJ's and BIA's orders did not discuss all of Bui's arguments, they were not required to do so. *Id.* at 603–04; *see also Ekimian v. I.N.S.*, 303 F.3d 1153, 1157 (9th Cir. 2002) (finding no jurisdiction to review the BIA's refusal to reopen proceedings *sua sponte* even where the denial order failed to discuss various potentially-relevant factors and "provide[d] virtually no explanation as to why the BIA declined to exercise its *sua sponte* power to reopen").

3. To the extent Bui now argues that the agency construed his motion as seeking reopening on both a *sua sponte* and statutory basis, and that it "misapplied the due diligence standard" in denying the latter, Bui waived that argument by failing to raise it in his opening brief. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."). Moreover, even if Bui had properly raised that claim on appeal, we would lack jurisdiction to adjudicate the merits nonetheless because he did not exhaust it before the agency. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION DENIED.**

4